UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

HEIDI HAISCHER,

Defendant.

Case No. 2:11-cr-00267-MMD-CWH

ORDER

(Plf.'s Motion in Limine – dkt. no. 43;
Plf.'s Motion in Limine – dkt. no. 44;
Plf.'s Motion to Seal Motion in Limine
– dkt. no. 45;
Def.'s Motion in Limine – dkt. no. 57;
Plf.'s Motion to Seal Response – dkt. no. 61)

**I.   SUMMARY**

Before the Court are Plaintiff United States of America's Motions in Limine (dkt. nos. 43 and 44) and Motions Seeking Leave to File Under Seal (dkt. nos. 45 and 61), as well as Defendant Heidi Haischer's Motion in Limine (dkt. no. 57).

**II.   BACKGROUND**

The United States filed an indictment against Defendant alleging that she perpetrated a mortgage fraud scheme in which she, along with Kelly Nunes, submitted false loan applications to obtain financing to purchase two properties located in Las Vegas, Nevada. The Indictment alleges that Mr. Nunes recruited Defendant to act as a straw buyer for the purchase of these two properties, and that they both completed mortgage loan applications containing materially false and fraudulent representations and material omissions. (Dkt. no. 1.)

In January 2012, a jury in the District of Nevada convicted Mr. Nunes of conspiracy and bank fraud for his role in another mortgage fraud scheme involving two unrelated loans. Defendant's trial is currently scheduled for the October 30, 2012, trial stack. (Dkt. no. 53.)

### III. LEGAL STANDARD

A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C & E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

1  **IV.   DISCUSSION**

       **A.   Plaintiff's Motion for Order Restricting the Use of FBI 302 Reports (dkt. no. 43)**

The United States seeks to preclude Defendant's use of interview summaries prepared by federal agents who investigated this case. These summaries are known as 302s, named after form FD-302 used by the Federal Bureau of Investigation to report statements and notes made in connection with a witness interview. Although the United States provided these various 302s to Defendant's counsel notwithstanding its belief that such disclosures were not required, it now seeks to prevent their introduction to impeach witnesses during cross examination, publish their contents to the jury, or otherwise suggest to the jury that the 302s are the witnesses' own statements. Defendant argues in response that the Court ought not make a *per se* ruling on the admissibility of the 302s, but instead rely on an individual determination of each to determine whether they can be properly deemed to have been the witness' for the purpose of impeachment or admission.

The question before the Court is whether the 302s may be admitted as witness statements and used to impeach the witness. As the government correctly points out, whether the 302s must have been disclosed pursuant to the Jencks Act is irrelevant to this inquiry. However, analyzing the applicability of the Jencks Act to 302s is instructive as to whether the 302s can properly be considered witness statements.

The Jencks Act requires that the government provide to defense counsel any "statement" of a government witness, if such production is requested by defense counsel following the direct testimony of that government witness. A "statement" under the Jencks Act includes: "(1) a written statement made by said witness and signed or otherwise adopted or approved by him; (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (3) a statement, however taken or recorded, or a transcription

thereof, if any, made by said witness to a grand jury." 18 U.S.C. § 3500(e); *see* Fed. R. Crim. P. 26.2(f) (defining statement similarly).

One purpose of the Jencks Act is to prevent "the undiscriminating production of agent's summaries of interviews regardless of their character or completeness." *Palermo v. United States*, 360 U.S. 343, 350 (1959). It would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations and interpolations." *Id.* This risk does not exist, however, "where a witness has adopted or approved" the agent's notes. *Goldberg v. United States*, 425 U.S. 94, 107 (1976).

In the context of 302s, the Jencks Act's definition of "statement" proves valuable in order to determine whether 302s constitute a witness' own statements that may be used for impeachment. As subsection (3) of 18 U.S.C. § 3500(e) does not apply to 302s, a 302 can be a statement if it is either adopted or approved by the witness, or if it is a "substantially verbatim recital" of the witness' words "recorded contemporaneously with the making of such oral statement." *See* 18 U.S.C. §§ 3500(e)(1)-(2). 302s have previously been held inadmissible for impeachment insofar as they "represent the investigator's selections, interpretations and interpolations" precisely because they have not been approved or adopted by the witness and because they are not near verbatim recitals of the witness' words. *See United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005) (quoting *Palermo*, 360 U.S. at 350), *abrogated on other grounds by United States v. Booker*, 543 U.S. 220 (2005); *see, e.g.*, *United States v. Claiborne*, 765 F.2d 784, 801-02 (9th Cir. 1985) (holding that 302s do not constitute statements requiring disclosure under Jencks Act because witness did not approve the statements contained therein and because they were not drafted contemporaneously with the witness' accounts), *abrogated on other grounds by Ross v. Oklahoma*, 487 U.S. 81 (1988); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (refusing to admit FBI agent's written statements for impeachment because it was created five days after the

///

interview, did not purport to memorialize all of witness' statements, and witness did not previously adopt document).

If, however, the 302s were immediately adopted by the witness as accurate and in accord with the witnesses' recollection, then they may be properly admitted as prior inconsistent statements. *See United States v. Rubin*, 609 F.2d 51, 62 (2d Cir. 1979) (admitting handwritten notes of agent because they were adopted as accurate and noting that any doubts as to their accuracy "go to their weight rather than their admissibility").

Given that the resolution of this question requires an individualized assessment of the 302s, the government's request for a blanket exclusion of the forms is premature. As the parties disagree on whether the contents of the 302s render them witness statements, the Court cannot rule on this Motion without reviewing the forms and analyzing the admissibility of each in light of the framework outlined above. For this reason, the Motion is denied. The government may renew its request only after providing for *in camera* review the particular 302s it seeks to exclude, and persuading the Court that the statements have not been adopted or approved by the witness and are not substantially verbatim recitations of the witness' oral statements drafted contemporaneously with the making of these statements.

**B.    Motions in Limine Regarding Tax Returns (dkt. nos. 44 and 57)**

The government seeks admission of Defendant's tax returns for the years 2006 and 2007 as relevant to the veracity of statements made in the mortgage applications that are the subject of this indictment.[1] The government argues that the highly probative nature of the evidence outweighs whatever prejudice might result from its inclusion. Defendant did not oppose this Motion, but instead filed her own Motion in Limine seeking

---

[1]The government sought to file its Motion in Limine and its Response to Defendant's Motion under seal given the sensitive nature of the financial details contained therein. (*See* dkt. nos. 45 and 61.) Having reviewed these motions, the Court finds good cause to grant these requests and seal both filings.

1 to deny admission of the same tax returns. Putting aside Local Rule 7-2(d)'s instruction that the failure to oppose a motion shall constitute consent to its granting, the Court agrees with the United States.

The tax returns contain information that conflicts with the allegedly fraudulent mortgage application that is the basis for this Indictment. The Indictment alleges that Defendant reported fraudulent information to lenders by inflating her salary and fraudulently obtaining employment verification. The tax returns – as authoritative government records documenting Defendant's actual income – are thus highly probative evidence that tend to demonstrate Defendant's fraud to lenders. Although there is some risk of prejudice from revealing personal data contained in the tax returns, this risk does not substantially outweigh the evidence's probative value. *See* FRE 403. In addition, the jury is unlikely to consider the tax returns for any other impermissible or prejudicial purpose, particularly since the government will not argue that Defendant cheated on her tax returns. Accordingly, the Motion in Limine to Admit Tax Returns is granted, and Defendant's Motion in Limine to Deny Admission of Tax Returns is denied.

## V.   CONCLUSION

Accordingly, IT IS THEREFORE ORDERED that Plaintiff United States of America's Motion for Order Restricting the Use of FBI 302 Reports (dkt. no. 43) is DENIED.

IT IS FURTHER ORDERED that the United States of America's Motion in Limine to Admit Tax Returns (dkt. no. 44) is GRANTED.

IT IS FURTHER ORDERED that the United States of America's Motion Seeking Leave to File Under Seal Motion to Admit Tax Returns (dkt. no. 45) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Deny Admission of Tax Returns (dkt. no. 57) is DENIED.

///

///

///

IT IS FURTHER ORDERED that the United States of America's Motion Seeking Leave to File Under Seal Response (dkt. no. 61) is GRANTED.

DATED THIS 17th day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE