UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:11-cr-00267-MMD-CWH |
|---|---|
| Plaintiff, | ORDER |
| v. | (Plf.'s Motion in Limine – dkt. no. 43; |
| HEIDI HAISCHER, | Plf.'s Motion in Limine – dkt. no. 52; Plf.'s Motion in Limine – dkt. no. 58) |
| Defendant. | |

**I.   SUMMARY**

Before the Court are Plaintiff United States of America's Motions in Limine (dkt. nos. 52 and 58), as well as the United States' request for *in camera* review of FBI 302s relating to its already-decided Motion for Order Restricting the Use of FBI 302 Reports (dkt. no. 43).

**II.   BACKGROUND**

The United States filed an indictment against Defendant Heidi Haischer alleging that she perpetrated a mortgage fraud scheme in which she, along with her ex-boyfriend Kelly Nunes, submitted false loan applications to obtain financing to purchase two properties located in Las Vegas, Nevada.  The Indictment alleges that Mr. Nunes recruited Haischer to act as a straw buyer for the purchase of these two properties, and that they both completed mortgage loan applications containing materially false and fraudulent representations and material omissions.  (Dkt. no. 1.)

In January 2012, a jury in the District of Nevada convicted Mr. Nunes of conspiracy and bank fraud for his role in another mortgage fraud scheme involving two unrelated loans. Haischer's trial is currently scheduled for the October 30, 2012, trial stack. (Dkt. no. 53.)

## III.  LEGAL STANDARD

A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C & E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

## IV. DISCUSSION

### A. Plaintiff's Motion for Order Restricting the Use of FBI 302 Reports (dkt. no. 43)

The United States filed this Motion seeking an order restricting the use of FBI FD-302s ("302s"), formal summaries of interviews prepared by federal agents in the course of an investigation. In its October 18, 2012, Order, the Court set out the standard for determining the admissibility of 302s, and invited the government to provide the summaries for *in camera* review in accordance with the standards set out in the Order. (*See* dkt. no. 64 at 3-5.) In response to the Court's Order, the government submitted five 302s for *in camera* inspection on the afternoon of October 18. The Court discusses each of them below.

#### 1. Patricia Forcier - May 28, 2010

Patricia Forcier was the assistant vice president of Deutsche Bank. From the face of this 302, it does not appear to have been adopted, approved, or signed by Forcier. The report is a seemingly objectively-written summary of MortgageIT's lending practices with little room for an agent's own "selections, interpretations, and interpolations." *See Palermo v. United States*, 360 U.S. 343, 350 (1959). However, it is not likely to be a substantially verbatim transcript of the witness' testimony, since the technical nature of the contents suggests that a statement longer than what can fit in a two-page transcript was given to the agents who completed the form. *See* 18 U.S.C. § 3500(e) (Jencks Act definition of statement); Fed. R. Crim. P. 26.2(f) (defining statement similarly). There is also no evidence to show that it was contemporaneously written during or immediately after the interview. For this reason, it cannot be considered a witness statement, and thus cannot be admitted as Forcier's own.

#### 2. Abel Manrique – October 10, 2010

Abel Manrique worked at the Crazy Horse II club, and was allegedly involved in providing false employment verification for Haischer. The report does not contain any evidence that Manrique approved or adopted the summary. Although the report

1 contains some background information about Manrique and a summary of the events concerning the false employment verification, it also sets out the conduct of the agent in interviewing Manrique, including showing various documents and a photograph to the witness. In total, this form is not the type which would be fairly considered to be Manrique's own statement, and is thus excluded.

### 3. Abel Manrique – December 2, 2010

For the same reasons that the October 10, 2010, 302 is excluded, this December 2, 2010, report is similarly excluded. Although much of the same information is recounted, this 302 also contains various incidences of the agent's conduct and thought process, including showing of a photograph and language that suggests interpretations of Manrique's words – e.g., "Manrique believes" and "Manrique interpreted this to mean." It is likewise excluded.

### 4. Abel Manrique – June 13, 2011

This 302 does not, on its face, appear to have been approved or adopted by the witness. Like the other 302s discussed above, it includes one opening paragraph describing the circumstances of the interview. The only other statement is one line concerning Manrique's check of the Crazy Horse II employee database. Due to its short nature, it is likely that Manrique provided more information to the agents than only one sentence. As a result, it appears that the 302 form is most likely a selection of only the relevant information gathered by the agents, and could not be a "substantially verbatim recital of an oral statement" by Manrique. It is excluded.

### 5. Lisa A. Parsons – September 21, 2010

Lisa Parsons was a loan processer during the relevant time period in question. The summary does not appear to be signed, approved, or adopted by Parsons. The contents concern details about working with Nunes and Haischer, as well as thoughts about their private lives. Given the breadth of the conversation, the terse paragraphs in the 302, and the non-conversational lack of natural transitions between the paragraphs,

///

1    this 302 does not appear to be a witness statement as much as a synopsis compiled by
2    the agent who transcribed these notes.  It is also excluded.

### B.     Plaintiff's Motion in Limine to Exclude Evidence of Lender Negligence (dkt. no. 52)

The United States seeks to exclude evidence of lender negligence, evidence that lenders would have granted the loans even if they were aware of alleged misrepresentations, and evidence of a civil suit against MortgageIT arising out of alleged inadequate quality control mechanisms.  For the reasons set forth below, the government's motion is granted.

Materiality of falsehood is an element of the federal bank and wire fraud statutes. *Neder v. United States*, 527 U.S. 1, 25 (1999).  A material false statement is defined as one that "has a natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed."  *Id.* at 16 (quoting *United States v. Gaudin*, 515 U.S. 506, 509 (1995)).

Justifiable reliance and damages are not required, so the government need not prove that the victim relied on the false statements or was damaged by them.  *Neder*, 527 U.S. at 24-25.  For this reason, "it is no defense to wire fraud or bank fraud that the victim of the fraud was negligent, gullible, or incompetent."  *United States v. Maximov*, No. CR10-822, 2011 WL 4915162, at *2 (D. Ariz. Oct. 17, 2011).

Moreover, a misrepresentation may be material even if evidence demonstrates that the misrepresentation would not have actually influenced or actually deceived the lender.  *See United States v. Rashid*, 383 F.3d 769, 778-79 (8th Cir. 2004), *cert. granted, judgment vacated on other grounds by Abu Nahia v. United States*, 546 U.S. 803 (2005). What matters is whether the misrepresentation had a "natural tendency to influence the bank or was not capable of influencing the bank."  *Id.*  As a result, evidence of lender negligence does not make a fact of consequence in a wire fraud allegation more or less probable, and is thus irrelevant.  For the same reason that prominently placing a roll of dollar bills unsupervised on one's front porch is irrelevant to whether an

unsavory passerby pocketed the money, so too is negligence by a lender irrelevant to a fraud charge. Accordingly, the Court prohibits Haischer from introducing evidence of lender negligence at trial.

Haischer alternatively seeks to introduce evidence of lender negligence for a factual determination by the jury relevant to the sentencing phase of the criminal proceeding. This argument fails for the simple reason that evidence of loss relevant to a sentencing hearing is not to be weighed by a jury, but rather by the Court. *Rita v. United States*, 551 U.S. 338, 352 (2007) ("This Court's Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence."); *United States v. Treadwell*, 593 F.3d 990, 1017-18 (9th Cir. 2010) (holding that a district court's findings of fact during sentencing do not violate the Sixth Amendment so long as the court imposes a sentence below the statutory maximum). Whether or not lender negligence is relevant to a sentence, it is clear that evidence of lender negligence ought not be presented to the jury, and has the real effect of unfair prejudice and confusion and should be excluded under Fed. R. Evid. 403. The United States' Motion is granted.

**C.** **Plaintiff's Motion in Limine to Exclude Evidence of Duress (dkt. no. 58)**

The government also seeks to exclude evidence of duress on the grounds that Haischer has not made a *prima facie* showing of duress during a pre-trial offer of proof.

A district court may require a criminal defendant to make a pretrial offer of proof to demonstrate that the evidence in support of an affirmative defense, including duress, is sufficient as a matter of law to satisfy the elements of the defense. *See United States v. Mack*, 164 F.3d 467, 474 (9th Cir. 1999) (defenses of public authority and entrapment by estoppel ruled inadmissible prior to trial); *United States v. Brebner*, 951 F.2d 1017, 1027 (9th Cir. 1991) (entrapment by estoppel); *United States v. Dorrell*, 758 F.2d 427, 430-34 (9th Cir. 1985) (necessity). If the defendant fails to present sufficient evidence, the district court may preclude the defendant from presenting the defense at trial, as well any

evidence supporting the defense. *See United States v. Moreno*, 102 F.3d 994, 997-99 (9th Cir.1996) (holding that evidence related to an affirmative defense is not admissible if the defendant fails to make a prima facie case of the defense).

In order to present a duress defense, a defendant must establish (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm. *See Moreno*, 102 F.3d at 997 (9th Cir. 1996). The Ninth Circuit has "long held that a defendant is not entitled to present a duress defense to the jury unless the defendant has made a prima facie showing of duress in a pre-trial offer of proof." *United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008). This rule is intended to prevent a criminal defendant from presenting irrelevant testimony in the absence of a facial showing of the elements of a duress instruction. *Id.* (quoting *Moreno*, 102 F.3d at 999).

Haischer argues that her right to present a full and complete defense enables her to offer evidence in support of a duress defense. While Haischer undoubtedly has the right to defend herself against the government's allegations, she may not present testimony supporting an affirmative defense if she cannot make a *prima facie* showing of the defense's elements. This rule is intended both to provide notice to the government of Haischer's argument, as well as to ensure that valuable judicial resources are not expended on a futile argument. As such, citing to Fed. R. Crim. P. 12.1-12.3 is inapposite, since a district court may condition the admissibility of an affirmative defense's evidence on a pre-trial showing that such evidence exists.

Moreover, Haischer's Response to the Motion in Limine does not address the substance of a duress defense. Unless Haischer can make the required showing of a duress defense, evidence relevant to duress will be excluded at trial. A pre-trial hearing is set for November 5, 2012, at 3:00 pm.

///

///

7

## V. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff United States of America's Motion for Order Restricting the Use of FBI 302 Reports (dkt. no. 43) is GRANTED.

IT IS FURTHER ORDERED that the United States of America's Motion in Limine to Exclude Evidence of Lender Negligence (dkt. no. 52) is GRANTED.

The Court will rule on Plaintiff's Motion in Limine to Exclude Evidence of Duress (dkt. no. 58) following the pre-trial hearing.

DATED THIS 24th day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE