UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>     v.<br>HEIDI HAISCHER,<br><br>                     Defendant. | Case No. 2:11-cr-00267-MMD-CWH<br><br>ORDER<br><br>(Plf.'s Motion in Limine – dkt. no. 58) |

**I.  SUMMARY**

Before the Court is Plaintiff United States of America's Motion in Limine (dkt. no. 58). For the reasons set forth below, the Motion is denied.

**II.  BACKGROUND**

The relevant background is summarized in this Court's October 24, 2012, Order. (*See* dkt. no. 81 at 1-2.) The Court scheduled an evidentiary hearing for November 5, 2012, on whether Defendant Heidi Haischer may admit evidence of duress at trial. At the hearing, the parties questioned two witnesses, Heidi Haischer's twin sister Penny, and Doris Jean Mitchell, and counsel made their respective arguments concerning admissibility.

**III.  LEGAL STANDARD**

A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to

resolve factual disputes or weigh evidence. *See C & E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

**IV. DISCUSSION**

A district court may require a criminal defendant to make a pretrial offer of proof to demonstrate that the evidence in support of an affirmative defense, including duress, is sufficient as a matter of law to satisfy the elements of the defense. *See United States v. Mack*, 164 F.3d 467, 474 (9th Cir. 1999) (defenses of public authority and entrapment by estoppel ruled inadmissible prior to trial); *United States v. Brebner*, 951 F.2d 1017, 1027 (9th Cir. 1991) (entrapment by estoppel); *United States v. Dorrell*, 758 F.2d 427, 430-34 (9th Cir. 1985) (necessity). If the defendant fails to present sufficient evidence, the district court may preclude the defendant from presenting the defense at trial, as well any

evidence supporting the defense. *See United States v. Moreno*, 102 F.3d 994, 997-99 (9th Cir. 1996) (holding that evidence related to an affirmative defense is not admissible if the defendant fails to make a prima facie case of the defense).

In order to present a duress defense, a defendant must establish (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm. *See Moreno*, 102 F.3d at 997 (9th Cir. 1996). The Ninth Circuit has "long held that a defendant is not entitled to present a duress defense to the jury unless the defendant has made a prima facie showing of duress in a pre-trial offer of proof." *United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008). This rule is intended to prevent a criminal defendant from presenting irrelevant testimony. *Id.* (quoting *Moreno*, 102 F.3d at 999).

Evaluating the availability of a duress defense in cases involving domestic abuse requires the Court to consider what an immediate threat is, what constitutes well-grounded fears, and what a "reasonable opportunity to escape" might be. Ninth Circuit precedent provides this Court with guideposts as to the application of the duress defense to the facts of Haischer's case. The Ninth Circuit's decision in *United States v. Johnson* concerned the admissibility of testimony on the issue of battered women's syndrome for admission in the sentencing phase of a trial of various female defendants who were repeatedly physically abused by a kingpin of a large criminal operation. 956 F.2d 894, 898-99 (9th Cir. 1992) *superseded by regulation on other grounds as recognized in United States v. Martinez-Martinez*, 369 F.3d 1076, 1089-90 (9th Cir. 2004)). "[F]or a substantial period of time a brutal man may subject women to severe psychological stress such that they 'failed to escape or cry out for help when in a public place because they lacked sufficient ego strength, self-confidence and willpower when they were in the threatening shadow of [the man's] complete domination over them.'" *Id.* at 900 (quoting *United States v. Winters*, 729 F.2d 602, 605 (9th Cir. 1984)). "Accordingly, what is required is for the fact-finder to determine whether, given the

experience and psychological makeup of this defendant, she feared to leave her criminal ways and obeyed from fear the criminal who directed her conduct." *Id.*

Similarly, the Ninth Circuit reached the same conclusion when tasked with determining whether coercion or duress existed, as required for a conviction under 18 U.S.C. § 2261(a)(2), the criminal interstate domestic violence statute. It held that "whether the victim was subject to coercion or duress or had a reasonable opportunity to escape must be evaluated from the perspective of a reasonable person in the victim's position, considering all of the circumstances, including the victim's gender." *United States v. Dowd*, 417 F.3d 1080, 1088-89 (9th Cir. 2005) (analogizing to duress defense when discussing requirement of force, duress, or fraud in interstate domestic violence crime). Consequently, the standard the Court uses to evaluate whether Haischer has met her burden pre-trial must take into account the particular circumstances faced by Haischer—including her gender, occupation, and relationship with Nunes.

With this contextualized analysis in mind, the court in *United States v. Ceballos*, 593 F. Supp. 2d 1054, 1061-62 (S.D. Iowa 2009) applied the Ninth Circuit's domestic violence guidelines in *Johnson* to rule in favor of admitting evidence of duress. The Court explained that "while [the abuser's] general threat to hit Defendant would not ordinarily suffice as a well grounded fear of death or serious bodily injury, the context of the threat combined with the history of severe domestic violence provides the requisite objective fear." *Id.* at 1061. This suggests that the particular nature of an abusive relationship establishes a well grounded threat even if a particular threat on any particular occasion might not ordinarily be enough for a coercion or duress defense. The court went on to discuss how it could not, as a matter of law, preclude the defendant from offering domestic violence evidence on the grounds that the victim could have refused to engage in the illegal activity or ended the relationship:

> The Government attempts to counter by arguing it was at least negligent or reckless for Defendant to remain with Defendant after his first request for her to translate, which would preclude a duress defense for Defendant's second translation a week later. However, the Court cannot conclude this as a matter of law because of [the abuser's] ongoing threat of violence

4

> should Defendant refuse his requests or attempt to leave. In fact, it is the Court's experience, as borne out by this case, that the most dangerous time for a victim is often immediately following a separation from the abuser.

*Id.* at 1063.

In light of the standard, the Court holds that Haischer has made a facial showing of duress based on the evidence offered at the November 5, 2012, hearing. The first two elements of duress were met: enough evidence exists in the record and in the testimony of the two witnesses to demonstrate that Haischer was in an abusive relationship, and that the threat of harm was immediate. Penny Haischer testified that Heidi Haischer was being abused in connection with signing of loan documents in early January 2007. Though the government points out that these documents were not the original loan documents signed in December 2006, the fact that Penny Haischer's testimony describes threats of abuse in connection with mortgage dealings generally is enough to sustain a prima facie showing of duress. In addition, the reported instances of domestic violence, Nunes' prior history of abuse, and Penny Haischer's testimony concerning the incident in January 2007 suffice to make a facial showing that the threat of harm was well-founded.

While the third duress requirement is a closer call, the particular nature of domestic abuse cases counsel toward a finding that the jury could reasonably conclude that Haischer lacked a reasonable opportunity to escape. The testimony demonstrates that the abusive relationship between Nunes and Haischer spanned several years, and was marked by highs and lows in the couple's relationship together. "[W]hat is required is for the *fact-finder* to determine whether, given the experience and psychological makeup of this defendant, she feared to leave her criminal ways and obeyed from fear of the criminal who directed her conduct." *Johnson*, 956 F.2d at 900 (noting that "in other contexts, too, we have recognized the pattern, all too familiar, of a victim identifying with the aggressor under conditions of terror.") (Emphasis added). Given the close nature of

the pre-trial proffer on this point, the Court will not stand in the way of the jury's responsibility to determine whether such duress actually occurred.

**V. CONCLUSION**

Accordingly, IT IS ORDERED that Plaintiff United States of America's Motion in Limine to Exclude Evidence of Duress (dkt. no. 58) is DENIED.

DATED THIS 6th day of November 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE